Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| ELIEZER SANTANA BAEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurridos | KLRA202500021 | *Revisión Administrativa* Procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: B-1443-24<br><br>Sobre:<br><br>Programa de Desvío |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**Rivera Pérez, Jueza ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2025.

El Sr. Eliezer Santana Báez (en lo sucesivo, "Sr. Santana Báez") comparece ante este Tribunal por derecho propio y en *forma pauperis*, mediante la presentación de una *Petición de Revisión Judicial*. A través de este recurso, solicita la revisión de la *Respuesta de Área Concernida/Superintendente*, emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación, con fecha del 28 de octubre de 2024, y notificada el 3 de diciembre de 2024. En el dictamen recurrido, el Departamento de Corrección y Rehabilitación dispuso que la solicitud del recurrente aún se encontraba en proceso de evaluación.

Por los fundamentos que se expondrán a continuación, este Tribunal resuelve desestimar el presente recurso de revisión.

### I.

El 11 de abril de 2024, el Sr. Santana Báez presentó la *Solicitud de Remedio Administrativo,* Núm. B-1443-24,[1] ante la

---

[1] Apéndice de la *Petición de Revisión Judicial,* pág. 21.

Número Identificador

SEN2025_____

División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, 'DCR'). En dicha solicitud, solicitó autorización para participar en el Programa para la Pre-Reinserción a la Libre Comunidad, al considerar que cumplía con los criterios de elegibilidad establecidos en su Reglamento. Asimismo, solicitó que el área de Servicios Sociopenales preparara el informe correspondiente y presentara su caso ante el Comité de Clasificación y Tratamiento. Posteriormente, el 14 de octubre de 2024, presentó otra *Solicitud de Remedio Administrativo*,[2] en la que indicó que el 27 de agosto de 2024 el Comité de Clasificación y Tratamiento atendió su caso y que, el 25 de septiembre de 2024, este fue referido a la Oficina de Programas de Desvíos y Comunitarios para su evaluación. Indicó, además, que se le explicó el procedimiento relacionado con su solicitud. No obstante, solicitó saber si su caso ya había sido analizado y referido al programa o si aún no se había gestionado dicha referencia.

El 15 de noviembre de 2024, la División de Remedios Administrativos emitió una *Respuesta al Miembro de la Población Correccional* dirigida al Sr. Santana Báez, la cual le fue notificada el 3 de diciembre de 2024.[3] En dicha respuesta, se adjuntó la *Respuesta del Área Concernida/Superintendente* recurrida,[4] emitida el 28 de octubre de 2024 por la Supervisora del área de Servicios Sociopenales, Sra. Enid Rosado Guadalupe, en la que se dispuso lo siguiente:

> "EL CASO FUE VISTO EN CCT PARA REFERIR A PROGRAMAS DE DESVIO, UNA VEZ LLEGUE LA RESPUESTA SE LE ENTREGARÁ AL CONFINADO.
> PARA LOS PASES FAMILIARES, LAS INSTRUCCIONES SON QUE SE EVALUE EL EXPEDIENTE SOCIAL COMPLETO Y SE DISCUTA CON EL SUPERVISOR DEL ÁREA SOCIOPENAL. AL MOMENTO NO SE HA EVALUADO EL EXPEDIENTE, UNA VEZ SE HAGA Y DE RESULTAR FAVORABLE SE LLENARÁ DOCUMENTO

---

[2] Apéndice de la *Petición de Revisión Judicial*, pág. 22.
[3] Apéndice de la *Petición de Revisión Judicial*, pág. 23.
[4] Apéndice de la *Petición de Revisión Judicial*, pág. 24.

PARA PRESENTARLO EN CCT Y SOLICITAR INVESTIGACIÓN PARA POSIBLE PASE FAMILIAR. UNA VEZ LLEGUE LA INVESTIGACIÓN A LA INSTITUCIÓN SE EVALUARÁ EL INFORME PARA DETERMINAR SI PUEDE SALIR DE PASE FAMILIAR O HAY QUE EXPLORAR OTRAS ÁREAS, COMO DISTANCIAS, PARTES PERJUDICADAS, VECINOS, ENTRE OTROS."

En desacuerdo con dicha determinación, el 13 de diciembre de 2024, el Sr. Santana Báez presentó una *Solicitud de Reconsideración*, fechada el 3 de diciembre de 2024.[5] Al no recibir respuesta dentro del término de quince (15) días, el 13 de enero de 2025 acudió ante este Tribunal de Apelaciones mediante el presente recurso de *Petición de Revisión Judicial*. En su escrito, señaló el error siguiente:

"Erró el DCR al no cumplir con las disposiciones del reglamento de programas de desv[í]o y al realizar determinaciones en este caso que no están fundamentadas en evidencia sustancial del r[é]cord social mismo."

Examinado el recurso presentado por la parte recurrente, procedemos a disponer del mismo sin necesidad de ulterior trámite, conforme nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 7(B)(5).

**II.**

El Tribunal de Apelaciones tiene la facultad de revisar las decisiones, reglamentos, órdenes, resoluciones y providencias finales emitidas por organismos o agencias administrativas, así como por sus funcionarios o funcionarias, ya sea en el ejercicio de su función adjudicativa o cuasi legislativa, según lo dispuesto por ley. Así lo establece la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 56, y los Artículos 4.002, 4.006(c) de la Ley Núm. 201-2003, según enmendada, *"Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003"*, 4

---

[5] Apéndice de la *Petición de Revisión Judicial*, pág. 25.

LPRA sec. 24u y 24y.[6] Véase, además, Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57. La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable. *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferré v. A.R.Pe.*, 172 DPR 254, 264 (2007). A esos efectos, la revisión judicial comprende tres aspectos: la concesión del remedio apropiado, la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial, y la revisión completa de las conclusiones de derecho. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcias v. Caribe Specialty et al.* II, 179 DPR 923, 940 (2010); *Mun. de. San Juan v. J.C.A.*, 149 DPR 263, 279-280 (1999).

La Sección 4.1 de la Ley Núm. 38-2017, según enmendada, conocida como *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"*, 3 LPRA sec. 9671, establece lo siguiente:

> "Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.
>
> [...]."

---

[6] El Artículo 4.006(c) de la Ley Núm. 201-2003, *supra*, establece que el Tribunal de Apelaciones conocerá "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas." A su vez, el 4.002 de la Ley Núm. 201-2003, *supra*, dispone que [l]a revisión como cuestión de derecho de las decisiones finales de los organismos y agencias administrativas se tramitará de conformidad con las disposiciones de la [Ley Núm. 38-2017, según enmendada, conocida como *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"*, 3 LPRA sec. 9601 *et seq.*]."

Esta sección aclara que **"[u]na orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente."** (énfasis suplido) Sección 4.1 de la Ley Núm. 38-2017, *supra.* Sin embargo, estas podrán "ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia." *Íd.*

Se ha interpretado que, para que una orden o resolución administrativa sea judicialmente revisable, deben cumplirse ciertos requisitos al momento de presentar el recurso: (1) la resolución que se pretenda revisar debe ser final y no interlocutoria; y (2) la parte afectada debe haber agotado todos los remedios disponibles provistos por la agencia. *Pérez López v. Depto. Corrección*, 208 DPR 656 (2022). Además, es indispensable que la parte que presenta el recurso haya sido adversamente afectada por la orden o resolución en cuestión. *Íd.* Una 'orden o resolución final' es aquella que pone fin al caso ante la agencia y que tiene efectos adjudicativos y dispositivos sobre las partes involucradas. *Íd.* Véase, además, Sección 3.14 de la Ley Núm. 38-2017, *supra.* En esencia, la actuación administrativa debe resolver definitivamente las controversias y consignar los derechos y las obligaciones de las partes. *Íd.*

### III.

Examinado el recurso presentado por la parte recurrente, concluimos que procede su desestimación por falta de jurisdicción. Según la doctrina aplicable, el Tribunal de Apelaciones tiene la facultad de revisar únicamente las decisiones finales emitidas por las agencias administrativas. En el presente caso, la decisión impugnada no constituye una determinación final, ya que en la misma se indica expresamente que el procedimiento de evaluación de la solicitud aún no ha culminado. En consecuencia, al no tratarse

de un asunto justiciable, este Tribunal carece de jurisdicción para atender el recurso. No obstante, instamos a la agencia a atender el caso con mayor prontitud para evitar dilaciones indebidas en el proceso.

**IV.**

Por los fundamentos expuestos, este Tribunal resuelve desestimar el presente recurso de revisión.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones